IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK A. BARCLAY,**             Case Number 5:13 CV 124

    Petitioner,             Judge Sara Lioi

    v.                      REPORT AND RECOMMENDATION

**TERRY TIBBALS,** Warden

    Respondent.             Magistrate Judge James R. Knepp II

## INTRODUCTION

*Pro se* Petitioner Mark A. Barclay, a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Terry Tibbals filed a Motion to Dismiss or Transfer Claims (Doc. 7) with attached exhibits, and Petitioner filed an Opposition (Doc. 10).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated April 26, 2013). For the reasons discussed below, the undersigned recommends Respondent's Motion to Dismiss be granted as it pertains to Ground Three of the Petition; and the remaining grounds be transferred to the United States Court of Appeals for the Sixth Circuit.

## PROCEDURAL BACKGROUND

### State Trial Court

On October 25 2002, Petitioner was found guilty of murder, two counts of kidnapping, and abuse of a corpse after a jury trial in the Summit County Court of Common Pleas. (Doc. 7-15, at 1). The state trial court sentenced Petitioner to fifteen years to life for the murder

conviction, eight years on each count of kidnapping, and ten months for abuse of a corpse. (Docs. 7-5, 7-6, 7-7).

**Direct Appeal**

On November 22, 2002, Petitioner, through new counsel, timely appealed his conviction to the Ninth District Court of Appeals, raising a single assignment of error:

I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Doc. 7-2, at 3). On October 15, 2003, the Ninth District Court of Appeals affirmed the trial court's judgment and sentence. (Doc. 7-2, at 3). In December 2003, Petitioner, *pro se*, filed an appeal to the Supreme Court of Ohio, raising the same assignment of error relayed in his direct appeal. (Doc. 7-2, at 3). On March 3, 2004, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question. (Doc. 7-2, at 3).

**Rule 26(B) Application**

On February 2, 2004, Petitioner unsuccessfully sought relief through an application for reopening pursuant to Ohio App. R. 26(B), which the Ninth District Court of Appeals dismissed as untimely. In his application, Petitioner raised the following assignments of error:

I. APPELLANT WAS TWICE CONVICTED AND SENTENCED FOR AGGRAVATED MURDER IN VIOLATION OF R.C. 2903.02 IN DIRECT VIOLATION OF DOUBLE JEOPARDY.

II. APPELLANT WAS ALSO UNLAWFULLY TRIED AND CONVICTED OF AGGRAVATED MURDER UNDER R.C. 2903.01(B) BY VIRTUE OF THE STATE HAVING CHARGED SAID CRIME BY MEANS OF A "CONSTRUCTIVE" AMENDMENT TO THE INDICTMENT MADE DURING TRIAL AND BY PRESENTING EVIDENCE TO PROVE TO THE JURY THAT APPELLANT WAS GUILTY OF [AGGRAVATED MURDER] AND KIDNAPPING AS PROVIDED BY R.C. 2903.01(B).

III. APPELLANT WAS TWICE CHARGED AND CONVICTED OF KIDNAPPING UNDER R.C. 2905.01(A)(3) IN VIOLATION OF THE LEGAL PROHIBITION AGAINST DOUBLE JEOPARDY.

> IV. APPELLANT WAS CHARGED WITH MULTIPLE OFFENSES IN EACH COUNT OF THE INDICTMENT THEREBY CREATING DUPLICITY.
>
> V. APPELLANT WAS CHARGED WITH THE SAME OFFENSE IN SEVERAL COUNTS OF THE INDICTMENT AND SUCH MULTIPLICITY VIOLATES DOUBLE JEOPARDY AND REQUIRES REVERSAL OF THE ACCUSED['S] CONVICTION.

(Doc. 7-2, at 4-5). Petitioner appealed the denial of his *pro se* Rule 26(B) application to reopen with the Ohio Supreme Court, raising ineffective assistance and abuse of discretion claims. (Doc. 7-2, at 5). On May 26, 2006, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question. (Doc. 7-2, at 5).

**Prior Habeas Corpus Petition**

On January 24, 2005, Petitioner filed a federal habeas corpus petition in the United States District Court for the Northern District of Ohio. (Doc. 7-1). In that petition, he raised four grounds for relief:

> **Ground One**: Petitioner was twice tried and convicted of the same offense in violation of double jeopardy prohibition.
> **Supporting FACTS**: multiple charges arising from the same conduct resulted in multiple convictions for the same offense of kidnap[ping]. Petitioner was further tried for aggravated murder after the charge was amended to murder and the aggravated murder charge dismissed, and multiple judgment entries rendering judgment of conviction for aggravated murder and murder were issued.
>
> **Ground Two**: Petitioner's indictment was constructively amended, duplicitous and multiplicitous, and failed to give reasonable notice of the substance of the charges against him, in violation of his right to indictment under the Fifth Am.
> **Supporting FACTS**: The indictment in this case was amended from aggravated murder to murder prior to trial, but Petitioner was tried and convicted of aggravated murder under a different theory (felony in place of prior calculation and design). In addition to multiple counts of kidnap[ping] were charged from a single incident.
>
> **Ground Three**: Petitioner was deprived of the effective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments.

> **Supporting FACTS**: Trial counsel failed to raise any objections to the improper indictment, or the improper judgment of conviction and sentence as evidenced by multiple *nunc pro tunc* entries by the trial court correcting multiple mistakes.
>
> **Ground Four**: Petitioner was deprived of effective assistance of counsel on appeal, in violation of the Sixth and Fourteenth Amendments.
> **Supporting FACTS**: Appointed appellate counsel failed to raise significant and obvious issues of constitutional magnitude in favor of the weak manifest weight argument, where the extant issues held a reasonable probability of success on appeal, prejudicing the result of the appeal and positioning Petitioner for procedural defaults with regard to the extant issues.

(Doc 7-1). The Magistrate Judge issued a Report and Recommendation (R&R) recommending the petition be dismissed due to procedural default. (Doc. 7-2). Over Petitioner's objections, the district court adopted the R&R and dismissed the case. (Doc. 7-4). The court found "no basis upon which to issue a certificate of appealability." (Doc. 7-4).

**<u>Re-sentencing</u>**

On July 12, 2010, Petitioner, *pro se*, filed a "Motion to Discharge Pursuant to Criminal 32(A) and the Sixth Amendment." (Doc. 7-9). In its response, the state acknowledged the 2002 sentencing entry failed to properly impose post-release control and requested re-sentencing *de novo*. (Doc. 7-10). The trial court denied Petitioner's motion and re-sentenced him to the same terms of imprisonment as his original sentence. (Doc. 7-11). Acknowledging he had previously "misstated the post-release control requirements," the trial judge notified Petitioner of the five-year mandatory post-release control upon release from prison. (Doc. 7-11).

On October 20, 2010, Petitioner appealed to the Ninth District Court of Appeals and asserted the following assignments of error:

> 1. The trial court erred in not dismissing the Appellant's indictment[s] that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violating Appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution.

    2.       The trial court erred in imposing consecutive sentences on the Appellant when no statutory authority exists for the imposition of such, violating the Appellant's constitutional rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 & Article IV, Section 10 of the Ohio Constitution.

    3.       The trial court erred in imposing any sentence upon Appellant due to the unreasonable delay in imposing a valid sentence which resulted in a loss of jurisdiction, violating Appellant's right to Due Process under the United States and Ohio Constitutions.

(Doc. 7-12). On September 21, 2011, the court of appeals overruled Petitioner's first assignment of error pursuant to the doctrine of res judicata. (Doc. 7-15, at 2-3). With respect to his second and third assignments of error, the appellate court held that in accordance with *State v. Fischer*, 942 N.E.2d 332 (Ohio 2010), the "scope of the sentencing hearing . . . was limited to the proper imposition of post-release control." (Doc. 7-15, at 6). Since the lawful portion of Petitioner's sentence remained intact under *Fisher*, the appellate court determined the trial court did not have authority to conduct a *de novo* sentencing hearing and impose a new sentence. Thus, the appellate court vacated the trial court's judgment as it pertained to re-sentencing. (Doc. 7-12, at 6-7). The appellate court affirmed the judgment as it related to the trial court's imposition of a mandatory five year period of post-release control. (Doc. 7-12, at 6-7). In addressing Petitioner's unreasonable delay claim, the appellate court stated, "as the lawful elements of [Petitioner's] original sentence remained in place, [Petitioner] cannot prevail on his argument that there was unreasonable delay in imposing a sentence." (Doc. 7-12, at 6).

Petitioner pursued his appeal to the Ohio Supreme Court. (Doc. 7-16). On January 18, 2012, the Ohio Supreme Court declined jurisdiction and dismissed the appeal. (Doc. 7-18).

**Current Habeas Corpus Petition**

The instant Petition was filed in January 2013 and challenges Petitioner's convictions and resulting sentences. (Doc. 1). Specifically, Petitioner raises three grounds for relief:

>    **GROUND ONE**: The trial court's not dismissing the Petitioner's indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violates the Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10 Article 1 of the Ohio Constitution.
>    **Supporting Facts**: The trial court erred in not dismissing the indictment(s) in the instant case that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violates the Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10 Article 1 of the Ohio Constitution.
>
>    **GROUND TWO**: The trial court exceeded its authority in imposing consecutive sentences on the Petitioner when no statutory authority existed for the imposition of such, violating the Petitioner's Constitutional Rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the Constitution, and Art 1 §16 Art IV §10 of the Ohio Co[.]
>    **Supporting Facts**: In Ohio all authority and jurisdiction for the Courts of Common Pleas is derived from statute. When RC 2929.14(E)(4) was excised as unconstitutional by State v. Foster the Ohio Supreme Court destroyed all authority and jurisdiction for imposing consecutive sentences. Ohio judges have no authority to impose consecutive sentences after February 26, 2006.
>
>    **GROUND THREE**: The trial court violated the Petitioner's constitutional rights in imposing any sentence upon Petitioner due to the unreasonable delay in imposing a valid sentence which resulted in a loss of jurisdiction, violating Petitioner's right to Due Process under the United States and Ohio Constitution.
>    **Supporting Facts**: The state failed to impose a valid sentence on the Petitioner for eight years thereby depriving the state of jurisdiction to impose any sentence whatsoever.

(Doc. 1).

### DISCUSSION OF JURISDICTIONAL BARS

*Successive Petition – Grounds One and Two*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award habeas relief to state prisoners who have already filed § 2254 petitions. Indeed, in certain circumstances, AEDPA precludes a district court from reviewing subsequent petitions. As amended by the AEDPA, 28 U.S.C. §2244 provides:

>    (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously though the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

The fact that a petitioner previously filed a § 2254 petition does not necessarily mean a subsequent petition will be considered a "second or successive" petition under AEDPA. *In re Salem*, 631 F. 3d 809, 812 (6th Cir. 2011). Rather, the phrase "second or successive" petition is a legal term given substance by the Supreme Court. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000); *see also Banks v. Bunting*, 2013 WL 6579036, at *5 (N.D. Ohio).

Thus, a subsequent petition is not "second or successive": 1) if the claims asserted in that petition were not ripe at the time an earlier petition was filed, *See Banks*, 2013 WL 6579036, at *5 (*citing Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998)); or 2) if the subsequent petition attacks a state court judgment that was not attacked in the previous petition, *Id*.; *Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010) ("According to [the petitioner], his 1986 resentencing led to a new judgment, and his first application challenging that new judgment cannot be considered 'second or successive' such that § 2244 would apply. We agree."). In the specific context of resentencing, the Sixth Circuit has determined that a subsequent habeas petition is not successive where it raises a claim that originates at resentencing, and could not

7

have been addressed in the earlier petition. *Banks*, *supra*, at *5 (citing *Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007)); *see also Hines v. Coleman*, 2010 WL 5383505, at *6 (N.D. Ohio).

Before filing a second or successive petition with the district court, AEDPA requires a petitioner to first obtain an order "authorizing the district court to consider" the petition from the appropriate court of appeals. § 2244(b)(3)(A). When a petitioner has failed to obtain such an order from the Sixth Circuit, the district court must transfer the second or successive petition to the Sixth Circuit "for want of jurisdiction . . . rather than dismiss [it] outright." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

Respondent argues Petitioner's first and second grounds are successive because they do not relate to Petitioner's 2010 post-release resentencing judgment and could have been raised in his previous habeas petition. As a result, Respondent contends Grounds One and Two should be transferred to the Sixth Circuit. (Doc. 7, at 8). The undersigned agrees.

Here, it is clear from the face of the instant Petition that Petitioner is attacking the same indictment and conviction he previously challenged in his first federal habeas petition, which was denied "on the merits" in 2005. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (When a prior petition is dismissed with prejudice due to procedural default in state court, the dismissal is considered "on the merits" and the latter petition is deemed successive.). While Petitioner uses different theories and violations of law as support in Grounds One and Two of his instant petition, these claims, nevertheless, were ripe for review at the time he filed his prior petition.

Petitioner previously asserted the claim alleged in Ground One, attacking the sufficiency of his indictment, in ground two of his 2005 habeas petition. However, in the instant case, Petitioner attacks the sufficiency of the indictment under the Sixth and Fourteenth Amendments,

as opposed to the Fifth Amendment raised in his prior petition. (*Compare* Doc. 1, at 5 *with* Doc. 7-1, at 5). He also previously raised the claim alleged in Ground Two, challenging consecutive sentences, in ground one of his prior habeas petition; however, in the instant Petition, he seeks to challenge the trial court's authority to impose consecutive sentences, as opposed to his "double jeopardy" argument in the prior petition. (*Compare* Doc. 1, at 7 *with* Doc. 7-1, at 5).

While Petitioner uses different theories to support his claims, he has failed to show these claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or that the factual basis for the claims could not have been discovered previously through the exercise of due diligence. *See* §2244(b)(2). Petitioner is merely challenging the claims he raised in his prior petition, using different legal theories available to him at the time he filed his prior petition.

To the extent Petitioner claims *State v. Foster* applies retroactively to his second ground for relief, he is incorrect. In Ground Two, Petitioner references *State v. Foster*, without legal citation, to conclude that "Ohio judges have no authority to impose consecutive sentences after February 26, 2006." (Doc.1, at 7). Petitioner does not develop this argument in his Reply, nor does he provide a legal citation to the case referenced. Out of an abundance of caution, the undersigned researched and found *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), decided February 27, 2006. Due to the date of disposition, subject-matter, and case title, the undersigned clearly expects this is the case referenced by Petitioner. Even so, without discussing its relevance, *Foster* would not apply retroactively to Petitioner's claim. *See Foster*, 845 N.E.2d at 499 (ruling only applied retroactively to cases on direct review or not yet final).

Finally, neither ground relates to any issue stemming from Petitioner's 2010 post-release control resentencing. *Carter v. Warden*, 2012 WL 2601760, at *9 (S.D. Ohio) (intervening

9

judgment correcting post-release control did not entitle petitioner to new challenge of underlying conviction and prior sentence without circuit court authorization), *adopted and affirmed* 2012 WL 4056850 (S.D. Ohio). Accordingly, because these grounds for relief are successive within the meaning of § 2244(b), they require an order from the Sixth Circuit before the Court may review them.

*Procedural Default – Ground Three*

AEDPA established two jurisdictional prerequisites for federal habeas corpus review of state convictions. 28 U.S.C. § 2254(a). First, the petitioner must be in custody. *Id*. Second, the petitioner must challenge the legality of custody on the ground it is, or was imposed, "in violation of the Constitution or laws or treaties of the United States." *Id*. Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("[a] claim based solely on an error of state law is not redressable through the federal habeas process.") (quoting *Estelle v. McGuire*, 502 U.S.62, 67–68 (1991)).

This requirement is strictly followed in the Sixth Circuit, to the point where catch-all allegations, such as a defendant claiming he was denied his constitutional right to a fair trial, when supported only by state law, do not fairly apprise the state court of a specific constitutional theory. *Weaver*, 888 F.3d at 1099. Likewise, the phrases "fair trial" and "due process", by themselves, "do not call to mind a specific right protected by the Constitution." *Weaver*, 888 F.3d at 1099 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984)).

The Sixth Circuit noted four actions a petitioner may take which are significant to the determination whether a constitutional claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal

10

constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir.1987).

Here, despite framing his third ground for relief with constitutional due process language, Petitioner failed to properly present a federal constitutional claim. In Ground Three, Petitioner alleges the unreasonable delay in imposing a valid sentence "violated his right to due process under the United States and Ohio Constitution[s]." (Doc. 1, at 8). Although Petitioner attempts to cloak his claim in terms of due process rights, he supports it with Ohio law alone. (*See* Doc. 10, at 8-13). Petitioner also presented this claim to the state court of appeals as a violation of Ohio sentencing law and appellate procedures, as opposed to a federal constitutional violation. (Doc. 10-1, at 8-13). Likewise, Petitioner's brief to the Ohio Supreme Court is void of any federal constitutional argument other than a passing reference to due process. *Rose v. Ohio*, 2012 WL 2974810, at *9, *affirmed and adopted Rose v. Ohio*, 2012 WL 980310 (S.D. Ohio) (a petitioner "need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument."); (Doc. 7-16, at 14-15). Thus, the crux of Petitioner's claim lies in Ohio law and procedure, not with federal constitutional rights. Without more, "a mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982).

Petitioner has not fairly presented his third ground for relief as a federal constitutional claim; therefore, it is waived for purposes of federal habeas review. Because Petitioner has not alleged cause for the procedural default or actual prejudice resulting therefrom, Ground Three of Petitioner's claim should be dismissed. *Coleman v. Thompson*, 501 U.S. 722 , 750 (1991);

*Murray v. Carter*, 477 U.S. 478, 485; *Engle*, 456 U.S. at 129; *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

### CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends Petitioner's first and second grounds for relief be considered successive and transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A); and his third ground for relief dismissed as procedurally defaulted.

                                                s/James R. Knepp II
                                       United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).