UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK BARCLAY, | ) | CASE NO. 5:13-cv-124 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TERRY TIBBLES, WARDEN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on petitioner's objections (Doc. No. 12) to the Report and Recommendation ("R&R") of Magistrate Judge James R. Knepp II (Doc. No. 11), recommending transfer of the first two grounds for relief to the United States Court of Appeals for the Sixth Circuit and dismissal of petitioner's third ground for relief for procedural default. Respondent filed neither objections to the R&R nor any opposition to petitioner's objections. The matter is ripe for determination.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court

in light of specific objections filed by any party.").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error

correction through appeal." *Harrington v. Richter*, -- U.S. --, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II. DISCUSSION

The R&R succinctly describes the procedural history of the case, which this Court hereby adopts. On October 25, 2002, following a jury trial in the Summit County Court of Common Pleas, petitioner Mark A. Barclay was convicted of murder, two counts of kidnapping, and abuse of a corpse. (Doc. No. 11 at 302.) When his convictions were affirmed in state court, Barclay filed a petition for the writ of habeas corpus in 2005, and that petition was dismissed. (*Id*. at 304-05.) Petitioner was subsequently resentenced on July 12, 2010, to the same terms of imprisonment as his initial sentence, but with an added notification of post-release control

requirements, which had been erroneously omitted from his first sentencing. (*Id*. at 305.) Thereafter, Barclay appealed from his resentencing. The state court of appeals vacated the trial court's judgment as it pertained to resentencing, but affirmed the imposition of the post-release control. The court concluded that the trial court lacked authority to impose a new sentence as to any portion of Barclay's sentence except the post-release control. (*Id*. at 306.) The portions of Barclay's sentence unrelated to post-release control remained intact from his initial sentencing. The Ohio Supreme Court affirmed, and petitioner filed the petition now before the Court, which raises three grounds for relief:

> **GROUND ONE**: The trial court's not dismissing the Petitioner's indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violates the Petitioner's rights under the Sixth and Fourteenth Amendment to the United States Constitution, and Section 10 Article 1 of the Ohio Constitution.
> **Supporting Facts**: The trial court erred in not dismissing the indictment(s) in the instant case that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violates the Petitioner's rights under the Sixth and Fourteenth Amendment to the United States Constitution, and Section 10 Article 1 of the Ohio Constitution.
>
> **GROUND TWO**: The trial court exceeded its authority in imposing consecutive sentences on the Petitioner when no statutory authority existed for the imposition of such, violating the Petitioner's Constitutional Rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Art 1 §16 & Art IV §10 of the Ohio Constitution
> **Supporting Facts**: In Ohio all authority and jurisdiction for the Courts of Common Pleas is derived from statute. When RC 2929.14(E)(4) was excised as unconstitutional by State v. Foster the Ohio Supreme Court destroyed all authority and jurisdiction for imposing consecutive sentences. Ohio judges have no authority to impose consecutive sentences after February 26, 2006.
>
> **GROUND THREE**: The trial court violated the Petitioner's constitutional rights in imposing any sentence upon Petitioner due to the unreasonable delay in imposing a valid sentence which resulted in a loss of jurisdiction, violating Petitioner's right to Due Process under the United States and Ohio Constitution.
> **Supporting Facts**: The state failed to impose a valid sentence on the Petitioner for eight years thereby depriving the state of jurisdiction to impose any sentence whatsoever.

(Doc. No. 1 at 5-8.) The R&R concluded that grounds one and two are successive petitions within the meaning of 28 U.S.C. § 2244(b) and require an order from the Sixth Circuit authorizing this Court to review them. (Doc. No. 11 at 311.) As to ground three, the R&R recommended dismissal, concluding that petitioner had procedurally defaulted by failing to present this ground as a federal constitutional claim in state proceedings. (*Id*. at 312.)

 A. Petitioner's First and Second Grounds for Relief

   Large swaths of petitioner's objections—largely relating to his first ground for relief—duplicate passages in his opposition to the motion to dismiss. (*Compare* Doc. No. 12 at 314-20 *with* Doc. No. 10 at 236-45.) These arguments are not objections, but merely restatements of what has been presented before. The new objections presented by petitioner mainly offer arguments in support of his second ground for relief: the state courts lacked authority to impose consecutive sentences on petitioner. (Doc. No. 12 at 321-25.) These arguments notwithstanding, petitioner states that he "does not object to the first and second grounds for relief to be considered successive and transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A)[.]" (*Id*. at 326.) Accordingly, the Court finds that petitioner, while strenuously arguing the underlying merits of grounds one and two, does not object to the R&R's conclusion that both grounds ought to be transferred to the Sixth Circuit.

   Grounds one and two are, in fact, subject to dismissal under the plain language of 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *Gonzalez v. Crosby*, 545 U.S. 524, 529-30, 125 S. Ct. 2641, 162 L. Ed. 2d 480 ("First, any claim that has already been adjudicated in a previous petition must be dismissed."); *Tyler v. Cain*, 533 U.S.

656, 661, 121 S. Ct. 2478, 150 L. Ed. 632 (2001) ("If a prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.") (citation omitted). The R&R correctly concludes that Barclay's first and second grounds for relief are successive because both claims were asserted in his 2005 petition. Yet, binding precedent does not permit this Court to dismiss these claims outright. *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (ordering district courts to transfer successive petitions to the circuit for want of jurisdiction rather than dismiss them outright).[1] Accordingly, the Court accepts the R&R's conclusion that grounds one and two must be transferred to the Sixth Circuit.

B. Petitioner's Third Ground for Relief

Petitioner objects to the R&R's conclusion that ground three is procedurally defaulted because it was not fairly presented as a constitutional claim in state proceedings. (Doc. No. 12 at 326.) Accordingly, the Court shall conduct a de novo review of this portion of the R&R. Upon reviewing petitioner's objections, the Court finds that only the following language conceivably relates to ground three:

> The trial court has made numerous attempts at getting this sentence correct. This travesty of due process violations started in 2002 first by allowing a trial on an insufficient indictment then in sentencing the Petitioner for a crime he was not even convicted of. After that he was resentenced for a crime he was never indicted for by a grand jury. Now after eight years in prison he is sentenced yet again to another void sentence. As a prisoner he has to get it right the first time or he may forever be barred from relief. However, the trial court gets as many chances as it needs to try to get it right. This violates another Constitutional

---

[1] For many years, Sixth Circuit case law required district courts to determine whether a petition was successive, and if so, to transfer that petition to the appellate court pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 46-47 (6th Cir. 1997). In contrast, in *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 592 (2010), the Supreme Court stated that when a habeas petition "was 'second or successive,' the District Court should have dismissed it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals." *Id*. at 2796. Yet, in 2012, after *Magwood*, the Sixth Circuit instructed district courts, after determining that a petition is successive, to transfer it to the Sixth Circuit "for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss it outright." *In re Smith,* 690 F.3d at 810. Faced with these apparently contradictory precedents, this Court must follow the most recent binding authority from the Sixth Circuit and transfer, rather than dismiss, petitioner's claims.

> guaranteed right; [sic] equal protection under the law. To set forth the liberty interests created by the due process clauses of the United States and Ohio Constitutions the Petitioner need only set forth the violation and establish that the state has failed to protect the Petitioner's right to due process. Clearly that has been established in the instant case.

(Doc. No. 12 at 326.) Petitioner's objection, distilled to its essence, states that he did raise a federal due process claim in state proceedings because he "need only set forth the violation and establish that the state has failed to protect [his] right to due process." (*Id*.)

Before he may raise a federal constitutional claim in a federal habeas action, petitioner must first fairly present such claim to the state courts. 28 U.S.C. § 2254(b)(1). To meet this requirement, petitioner may take any of the four following actions: "(1) rel[y] upon federal cases employing constitutional analysis; (2) rel[y] upon state cases employing federal constitutional analysis; (3) phras[e] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[e] facts well within the mainstream of constitutional law." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citation omitted). When a petitioner "focuse[s] entirely on the applicability of Ohio[]" law, with only cursory mentions of denial of a fair trial and due process, petitioner does not fairly present his claim. *Id*. at 682. Focusing entirely on state law to the exclusion of federal constitutional law "is not sufficient to alert a state court that [petitioner] is asserting the violation of a specific constitutional right." *Id*. "[T]he factual and legal underpinnings of the claim must be presented as a federal claim to the state courts[.]" *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citation omitted).

In state proceedings, petitioner's third ground for relief focused entirely on Ohio sentencing and procedural law. The only ties to federal constitutional law appear in passing references to "due process" and "equal protection" in his briefing. Beyond that, petitioner

7

referred exclusively to state law in his briefing to the state court of appeals (Doc. No. 7-12 at 152-56) and the Ohio Supreme Court (Doc. No. 7-16 at 220-21). Nothing in these documents would alert a state court that petitioner was asserting a violation of a specific constitutional right. *See Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007) (no fair presentment of constitutional question when briefing relied exclusively on state court cases and discussed only state law). Indeed, the state appellate court construed petitioner's third assignment of error as one of pure state law, never mentioning federal constitutional rights. (*See* Doc. No. 7-15 at 198-200.) Petitioner simply never presented a colorable federal due process claim to the state courts.

Furthermore, plaintiff's sole objection to the R&R on this point—that he "need only set forth the violation and establish that the state has failed to protect [his] right to due process"—misstates the law. (Doc. No. 12 at 326.) A "bare and isolated citation to the Fourteenth . . . Amendment[]" does not fairly present a federal constitutional claim. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006). Petitioner made and developed arguments regarding violations of state law, but neither made nor developed a federal constitutional argument. *See Rose v. Ohio*, No. 1:11-cv-700, 2012 WL 2974810, at *9 (S.D. Ohio July 20, 2012) ("A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument.") (quoting *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995)). The Court therefore overrules petitioner's objections to the R&R and accepts the R&R's recommendation that petitioner's third ground for relief is procedurally defaulted.

Petitioner did not object to the R&R's conclusion that he has alleged neither cause for the procedural default nor actual prejudice resulting therefrom. The Court, therefore, adopts the R&R on this issue. Petitioner's third ground for relief is dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court overrules petitioner's objections and ADOPTS the R&R. Grounds one and two of the petition are TRANSFERRED to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. Ground three is DISMISSED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 28, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**