IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK BARCLAY,**                                    Case No. 5:13 CV 124

    Petitioner,                                    Judge Sara Lioi

    v.                                    Magistrate Judge James R. Knepp, II

**TERRY TIBBLES,**

    Respondent.                                    REPORT AND RECOMMENDATION

### INTRODUCTION

*Pro se* Petitioner Mark Barclay ("Petitioner"), a prisoner in state custody, filed a petition

seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden

Terry Tibbals[1] ("Respondent") filed an Answer/Return of Writ (Doc. 18) and Petitioner filed a

Reply/Traverse (Doc. 22).[2] As explained further below, this matter is before the Court on remand

from the Sixth Circuit. (Doc. 15). The district court has jurisdiction over the Petition under §

2254(a). This matter has been referred to the undersigned for a Report and Recommendation

pursuant to Local Rule 72.2(b)(2). (Doc. 16). For the reasons discussed below, the undersigned

recommends the Petition be DENIED.

### PROCEDURAL HISTORY

State Court Conviction

---

1. The caption of this case spells the Warden's last name "Tibbles", whereas later pleadings spell
it "Tibbals.".
2. Parties and Courts commonly use the terms "Return of Writ" and Traverse" to refer to what the
Rules Governing Section 2254 Cases now term an "Answer" and "Reply." *See* Rule 5 of the Rules
Governing Section 2254 Cases.

In October 2002, a Summit County Court of Common Pleas jury found Petitioner guilty of murder, two counts of kidnapping, and one count of abuse of a corpse. *See* Ex 15, Doc. 7-15, at 1; *State v. Barclay*, 2011 WL 4375338 (Ohio Ct. App.). The trial court sentenced Petitioner to fifteen years to life on the murder conviction, eight years on each kidnapping conviction, and ten months on the abuse of corpse conviction. *See* Docs. 7-5, 7-6, 7-7. The kidnapping and abuse of corpse convictions were to be served concurrently with each other, but consecutively to the murder charge. (Doc. 7-5, at 2).

Direct Appeal

On November 22, 2002, Petitioner, through new counsel, timely appealed his conviction to the Ninth District Court of Appeals, raising a single assignment of error:

> I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Doc. 7-2, at 3). On October 15, 2003, the Ninth District Court of Appeals affirmed the trial court's judgment and sentence. *Id.* In December 2003, Petitioner, *pro se*, filed an appeal to the Supreme Court of Ohio, raising the same assignment of error as in his direct appeal. *Id.* On March 3, 2004, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question. *Id.*

Rule 26(B) Application

On February 2, 2004, Petitioner sought relief through an application for reopening pursuant to Ohio Appellate Rule 26(B). *See id.* at 4-5. The Ninth District Court of Appeals dismissed the application as untimely. *Id.* In the application, Petitioner raised five assignments of error:

> I. APPELLANT WAS TWICE CONVICTED AND SENTENCED FOR AGGRAVATED MURDER IN VIOLATION OF R.C. 2903.02 IN DIRECT VIOLATION OF DOUBLE JEOPARDY.

II.  APPELLANT WAS ALSO UNLAWFULLY TRIED AND CONVICTED OF AGGRAVATED MURDER UNDER R.C. 2903.01(B) BY VIRTUE OF THE STATE HAVING CHARGED SAID CRIME BY MEANS OF A "CONSTRUCTIVE" AMENDMENT TO THE INDICTMENT MADE DURING TRIAL AND BY PRESENTING EVIDENCE TO PROVE TO THE JURY THAT APPELLANT WAS GUILTY OF [AGGRAVATED MURDER] AND KIDNAPPING AS PROVIDED BY R.C. 2903.01(B).

III.  APPELLANT WAS TWICE CHARGED AND CONVICTED OF KIDNAPPING UNDER R.C. 2905.01(A)(3) IN VIOLATION OF THE LEGAL PROHIBITION AGAINST DOUBLE JEOPARDY.

IV.  APPELLANT WAS CHARGED WITH MULTIPLE OFFENSES IN EACH COUNT OF THE INDICTMENT THEREBY CREATING DUPLICITY.

V.  APPELLANT WAS CHARGED WITH THE SAME OFFENSE IN SEVERAL COUNTS OF THE INDICTMENT AND SUCH MULTIPLICITY VIOLATES DOUBLE JEOPARDY AND REQUIRES REVERSAL OF THE ACCUSED['S] CONVICTION.

(Doc. 7-2, at 4-5). Petitioner appealed the denial of his *pro se* Rule 26(B) application to reopen with the Ohio Supreme Court, raising ineffective assistance and abuse of discretion claims. *Id.* at 5. On May 26, 2006, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question. *Id.*

Prior Habeas Corpus Petition

On January 24, 2005, Petitioner filed a federal habeas corpus petition in the United States District Court for the Northern District of Ohio. (Doc. 7-1). In that petition, he raised four grounds for relief:

**Ground One**: Petitioner was twice tried and convicted of the same offense in violation of double jeopardy prohibition.

**Supporting Facts**: multiple charges arising from the same conduct resulted in multiple convictions for the same offense of kidnap[ping]. Petitioner was further tried for aggravated murder after the charge was amended to murder and the aggravated murder charge dismissed, and multiple judgment entries rendering judgment of conviction for aggravated murder and murder were issued.

3

**Ground Two**: Petitioner's indictment was constructively amended, duplicitous and multiplicitous, and failed to give reasonable notice of the substance of the charges against him, in violation of his right to indictment under the Fifth Am.

**Supporting Facts**: The indictment in this case was amended from aggravated murder to murder prior to trial, but Petitioner was tried and convicted of aggravated murder under a different theory (felony in place of prior calculation and design). In addition to multiple counts of kidnap[ping] were charged from a single incident.

**Ground Three**: Petitioner was deprived of the effective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments.

**Supporting Facts**: Trial counsel failed to raise any objections to the improper indictment, or the improper judgment of conviction and sentence as evidenced by multiple *nunc pro tunc* entries by the trial court correcting multiple mistakes.

**Ground Four**: Petitioner was deprived of effective assistance of counsel on appeal, in violation of the Sixth and Fourteenth Amendments.

**Supporting FACTS**: Appointed appellate counsel failed to raise significant and obvious issues of constitutional magnitude in favor of the weak manifest weight argument, where the extant issues held a reasonable probability of success on appeal, prejudicing the result of the appeal and positioning Petitioner for procedural defaults with regard to the extant issues.

(Doc. 7-1). The Magistrate Judge issued a Report and Recommendation (R&R) recommending the petition be dismissed due to procedural default. (Doc. 7-2). Over Petitioner's objections, the district court adopted the R&R and dismissed the case. (Doc. 7-4).

Re-sentencing

On July 12, 2010, Petitioner, *pro se*, filed a "Motion to Discharge Pursuant to Criminal 32(A) and the Sixth Amendment." (Doc. 7-9). In its response, the state acknowledged the 2002 sentencing entry failed to properly impose post-release control and requested re-sentencing *de novo*. (Doc. 7-10). The trial court denied Petitioner's motion and re-sentenced him to the same terms of imprisonment as his original sentence. (Doc. 7-11). Acknowledging he previously

4

"misstated the post-release control requirements," the trial judge notified Petitioner of the five-year mandatory post-release control upon release from prison. *Id.*

On October 20, 2010, Petitioner appealed to the Ninth District Court of Appeals, asserting three assignments of error:

1.      The trial court erred in not dismissing the Appellant's indictment[s] that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violating Appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution.

2.      The trial court erred in imposing consecutive sentences on the Appellant when no statutory authority exists for the imposition of such, violating the Appellant's constitutional rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 & Article IV, Section 10 of the Ohio Constitution.

3.      The trial court erred in imposing any sentence upon Appellant due to the unreasonable delay in imposing a valid sentence which resulted in a loss of jurisdiction, violating Appellant's right to Due Process under the United States and Ohio Constitutions.

(Doc. 7-12). On September 21, 2011, the court of appeals overruled Petitioner's first assignment of error pursuant to the doctrine of res judicata. (Doc. 7-15, at 2-3). With respect to his second and third assignments of error, the appellate court held that in accordance with *State v. Fischer*, 942 N.E.2d 332 (Ohio 2010), the "scope of the sentencing hearing . . . was limited to the proper imposition of post-release control." (Doc. 7-15, at 6). Since the lawful portion of Petitioner's sentence remained intact under *Fisher*, the appellate court determined the trial court did not have authority to conduct a *de novo* sentencing hearing and impose a new sentence. Thus, the appellate court vacated the trial court's judgment as it pertained to re-sentencing. (Doc. 7-15, at 6-7). The appellate court affirmed the judgment as it related to the trial court's imposition of a mandatory five year period of post-release control. *Id.* In addressing Petitioner's unreasonable delay claim, the appellate court stated, "as the lawful elements of [Petitioner's] original sentence remained in

place, [Petitioner] cannot prevail on his argument that there was unreasonable delay in imposing a sentence." *Id.* at 6.

Petitioner pursued his appeal to the Ohio Supreme Court. (Doc. 7-16). On January 18, 2012, the Ohio Supreme Court declined jurisdiction and dismissed the appeal. (Doc. 7-18).

## FEDERAL HABEAS CORPUS

The instant Petition was filed in January 2013 and challenges Petitioner's convictions and resulting sentences. (Doc. 1). Specifically, Petitioner raises three grounds for relief:

> **GROUND ONE**: The trial court's not dismissing the Petitioner's indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violates the Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10 Article 1 of the Ohio Constitution.
>
> **Supporting Facts**: The trial court erred in not dismissing the indictment(s) in the instant case that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violates the Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10 Article 1 of the Ohio Constitution.
>
> **GROUND TWO**: The trial court exceeded its authority in imposing consecutive sentences on the Petitioner when no statutory authority existed for the imposition of such, violating the Petitioner's Constitutional Rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the Constitution, and Art 1 §16 Art IV §10 of the Ohio Co[.]
>
> **Supporting Facts**: In Ohio all authority and jurisdiction for the Courts of Common Pleas is derived from statute. When RC 2929.14(E)(4) was excised as unconstitutional by State v. Foster the Ohio Supreme Court destroyed all authority and jurisdiction for imposing consecutive sentences. Ohio judges have no authority to impose consecutive sentences after February 26, 2006.
>
> **GROUND THREE**: The trial court violated the Petitioner's constitutional rights in imposing any sentence upon Petitioner due to the unreasonable delay in imposing a valid sentence which resulted in a loss of jurisdiction, violating Petitioner's right to Due Process under the United States and Ohio Constitution.

**Supporting Facts**: The state failed to impose a valid sentence on the Petitioner for eight years thereby depriving the state of jurisdiction to impose any sentence whatsoever.

(Doc. 1).

Respondent filed a Motion to Dismiss or Transfer Claims. (Doc. 7). The undersigned issued a Report and Recommendation in February 2014 recommending Petitioner's first and second grounds for relief be considered successive and transferred to the Sixth Circuit Court of Appeals, and recommending his third ground for relief be dismissed as procedurally defaulted. (Doc. 11). The district judge adopted the Report and Recommendation over Petitioner's objections, dismissed Petitioner's third ground, and transferred Petitioner's first two grounds for relief to the Sixth Circuit. (Doc. 13). Petitioner appealed, and in October 2016, the Sixth Circuit denied as unnecessary the motion for authorization to file a second or successive Petition. (Doc. 15); *Barclay v. Tibbals*, No. 16-3283 (6th Cir.). The court explained:

> As in *In re Stansell* [,-- F.3d --, No. 15-4244, 2016 WL 3606808, at *3 (6th Cir.)], Barclay's resentencing included a period of post-release control, thus creating a "new judgment for purposes of the second or successive assessment." *Id.* at *4. His "partial resentencing restarted the second or successive count" allowing him to "raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his (new) term of post-release control." *Id.* at *3, *4. Therefore, because his petition is not successive, Barclay does not need authorization from this court to file it.

(Doc. 15, at 3-4). Following remand, the district judge referred the case to the undersigned for a report and recommendation considering the Petition as an initial § 2254 petition. (Doc. 16). Respondent then filed an Answer/Return of Writ (Doc. 18), and Petitioner filed a Reply/Traverse (Doc. 22). With leave of Court, Respondent also filed a notice of supplemental authority. *See* Docs. 23-24.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## DISCUSSION

Statute of Limitations

As a first line of defense, Respondent contends the Petition is time-barred. Petitioner, in response, contends the Petition is a timely challenge based on his resentencing. Respondent, however, in his Supplemental Authority submission, also acknowledges the Sixth Circuit's recent decisions regarding resentencings by Ohio courts to impose mistakenly-omitted terms of post-release control. *See* Doc. 23, at 1-2.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for habeas petitions brought by individuals challenging their state court convictions. 28 U.S.C. § 2244(d). Under § 2244(d)(1), the limitations period begins to run from the latest of four events:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

In *Crangle v. Kelly*, the Sixth Circuit held that a *nunc pro tunc* amendment of a judgment to impose a mistakenly-omitted five-year term of post release control "was a new judgment that

9

reset the statute of limitations clock." 838 F.3d 673, 677 (6th Cir. 2016). In so holding, the court

explained the new judgment adding the mistakenly-omitted term of post-release control was "a

new, worse-than-before sentence." *Id.* at 679. However, in a later unpublished decision, the Sixth

Circuit explained (seemingly to the contrary):

> Notably, the trial court's later imposition of post-release control did not affect the
> application of the statute of limitations as to claims arising out of Jackson's
> convictions or original sentence, which remained unchanged. *See In re Stansell*,
> 828 F.3d 412, 417 (6th Cir. 2016) (noting continuing validity of *Bachman v.
> Bagley*, 487 F.3d 979 (6th Cir. 2007), in context of statute-of-limitations questions).

*Jackson v. Lazaroff*, 2016 WL 9402911, *2 n.1 (6th Cir.). At least two later decisions from within

this circuit have concluded that *Crangle* controls for the statute of limitations issue presented here.

*See Brown v. Harris*, 2018 WL 1069986, at *4 (S.D. Ohio) (report and recommendation); *Norris

v. Bunting*, 2017 WL 749200, at *8 (S.D. Ohio), *report and recommendation adopted by* 2017 WL

1433342.

First, the *Norris* Magistrate Judge cited the above passage from *Jackson* and explained:

> That statement (which, by the way, is found in a footnote in an opinion which is
> not only unpublished but which cannot be found on Westlaw) is *dictum*, and while
> it is literally correct in its reading of *Stansell*, it simply does not address how the
> case law relating to the limitations period developed after *Stansell* was decided.

2017 WL 749200, at *7. The court then went on to say: "Given the same facts underlie both this

case and *Crangle*, this Court is duty-bound to reach the same result" and rejected the respondent's

statute of limitations defense. *Id.* at *8.

Moreover, the Magistrate Judge in *Brown* (in a second supplemental report and

recommendation) explained:

> Brown's present sentence is not "worse than before." All that changed was (1)
> Judge Wiseman's oral advisement of the five-year term of post-release control and
> (2) her memorialization of that advice in an amended entry. Thus the Magistrate
> Judge distinguished *Crangle* in the Supplemental Report on this basis (ECF No. 31,
> PageID 3659). The Supplemental Report also accepted the Respondent's argument

10

that *Crangle* could not overrule *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), which are prior published decisions of the Sixth Circuit.

Having reconsidered the matter in light of the Objections, the Magistrate Judge WITHDRAWS the recommendation to dismiss Grounds One through Eighteen as untimely. Judge Sutton wrote both *King* and *Stansell* and he was a member of the panel that issued the per curiam decision in *Crangle*. While he had said in *King* that the court did not question the continued validity of *Bachman* on the limitations question, in *Crangle* he joined an opinion that found *Bachman* had been abrogated by *Magwood* and *King*. *Crangle* also concluded that *King* abrogated *Mackey v. Warden*, 525 Fed.Appx. 357 (6th Cir. 2013), a case arising from this Court on the same limitations question. It is unlikely that the three panels which all included Judge Sutton failed to consider the interaction of those decisions.

The Magistrate Judge now believes this Court should not second-guess the Sixth Circuit's decision in *Crangle* by limiting it to post-release control corrections that impose a "worse-than-before" sentence. The language of *Crangle's* holding does not make that distinction. Therefore we should apply the *Crangle* holding as stated and overrule the Warden's statute of limitations defense.

Moreover, the statute of limitations is not a jurisdictional bar. *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Therefore deciding the merits of the first eighteen grounds for relief will not be a vain act, as it would be to decide any of the merits questions in a second-or-successive application. Should the Sixth Circuit decide on appeal that an amended judgment such as Brown's does not restart the limitations period, it will be able to consider our holding on the merits without a remand.

2018 WL 1069986, at *4.

The instant situation, in which a term of post-release control was mistakenly omitted, and then imposed at a re-sentencing is like that presented by *Crangle*, *Norris*, and *Brown*. Therefore, the Court concludes Petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A) ninety days after the Ohio Supreme Court's January 18, 2012 dismissal of Petitioner's appeal from the trial court's re-sentencing entry, when the period for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235

F.3d 280, 283-84 (6th Cir. 2000). Petitioner executed this action on January10, 2013,[3] and the Court therefore concludes the Petition was timely filed.

Procedural Default

In the alternative, Respondent contends each of Petitioner's grounds is procedurally defaulted. Petitioner responds that his clams are not defaulted because he "did not have a final appealable order that was valid until the trial court sentenced him on September 20, 2010." (Doc. 22, at 1).

Petitioners must exhaust state court remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied when a petitioner has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

Related to exhaustion is the issue of procedural default. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977)); *see also Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Second, a petitioner may procedurally default a claim by failing to raise the claim in state court, and pursue that claim through the state's "ordinary appellate review procedures."

---

3. Under the prison mailbox rule, a *pro se* prisoner's habeas Petition is deemed filed when it is handed over to prison officials for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

*O'Sullivan*, 526 U.S. at 847. In Ohio, this means a defendant must fairly present his constitutional claims on the record to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003).

To overcome procedural default a petitioner must establish: 1) "cause for the default," and 2) "actual prejudice from it." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009). "To show cause for the default, a petitioner must show more than mere error, he must establish a substantial reason to excuse the default." *Id.* Cause "must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Id.* at 750. The Supreme Court has held that such an inquiry requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.' " *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell,* 428 U.S. 465, 492-93 (1976)).

*Ground One: Sufficiency of the Indictment*

Petitioner raised Ground One to the Ohio appellate court on appeal of his re-sentencing. (Doc. 7-12). The appellate court rejected the claim on the basis that it could have been raised on his initial direct appeal, but was not, and was thus barred by the doctrine of *res judicata*. The court explained:

13

{¶ 6} In his first assignment of error, Barclay argues that the trial court erred in not dismissing the indictment. This Court disagrees.

{¶ 7} In support of his first assignment of error, Barclay argues that the indictment contained several defects which rendered it insufficient to charge an offense. The State counters that because Barclay did not raise these claims on direct appeal, he is now barred from raising the issue on the basis of res judicata.

{¶ 8} "A determination of whether the doctrine of res judicata bars an action is a question of law which this Court reviews de novo." *Brott v. Green,* 9th Dist. No. 21209, 2003–Ohio–1592, at ¶ 11, citing *Davis v. Coventry Twp. Bd. of Zoning Appeals* (Feb. 14, 2001), 9th Dist. No. 20085; *Payne v. Cartee* (1996), 111 Ohio App.3d 580, 586–587. When reviewing a matter de novo, this court does not give deference to the trial court's decision. *State v. Stallings,* 150 Ohio App.3d 5, 2002–Ohio–5942, at ¶ 6.

{¶ 9} In *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio articulated the parameters of the doctrine of res judicata:

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

{¶ 10} (Emphasis added.) This Court has recognized that, by the plain language of *Perry,* "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman* (May 16, 2001), 9th Dist. No. 00CA007681.

{¶ 11} Barclay exercised his right to appeal to this Court in 2002. On appeal, Barclay raised one assignment of error in which he argued that his convictions were against the manifest weight of the evidence. This Court affirmed Barclay's convictions on October 15, 2003. *State v. Barclay,* 9th Dist. No. 21336, 2003–Ohio–5468. As Barclay did not raise any issues with the indictment in his appeal of right, he is now barred from raising that issue in a subsequent action. *Widman,* supra.

{¶ 12} The first assignment of error is overruled.

*State v. Barclay*, 2011 WL 4375338, at *1-2 (Ohio Ct. App.).

14

Generally, the doctrine of *res judicata*, as applied in Ohio, precludes a defendant from raising a claim that was previously fully litigated or that could have been fully litigated at trial or on direct appeal. *See State v. Perry*, 10 Ohio St. 2d 175, 180 (Ohio 1967); *see also State v. Cole*, 2 Ohio St. 3d 112, 113-14 (Ohio 1982).

The Sixth Circuit has repeatedly held that Ohio's *res judicata* doctrine is an adequate and independent state ground to procedurally bar claims asserted in federal habeas actions. *See, e.g., Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) ("This court has held that [the] rule [requiring claims based on facts in the record to be presented on direct appeal] is regularly and consistently applied by Ohio courts as required by the four-part *Maupin* test.").

The Sixth Circuit has also explained that "the procedural default rule delineated by *Perry* and *Cole* is a matter of state law" and "a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law." *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). However, the court also recognized that "when the record reveals that the state court's reliance upon its own rules of procedural default is misplaced, we are reluctant to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded." *Id.*

Here, after Petitioner's resentencing in September 2010, he sought to raise on appeal the instant claim regarding his indictment. Given the appellate court's rejection of this claim on *res judicata* grounds, Respondent contends that this ground is thus procedurally defaulted. In his Traverse, Petitioner argues:

> According to the Ohio Supreme Court at the time the Petitioner was resentenced a judgment entry that did not properly set forth post release control or the sanctions for violating the conditions of post release control the judgment is *void ab initio*. A

15

> void judgment can be attacked in any court at any time and there is no presumption
> of finality. *Res judicata* does not attach to a void judgment.

(Doc. 22, at 1-2). After citing Ohio case law, Petitioner concludes his "judgment was simply not final, not appealable, it established no appellate jurisdiction and any opinion rendered by a court of appeals was mere dicta." *Id.* at 2.

A review of Ohio case law, however, indicates that the state appellate court's application of *res judicata* in this circumstances, was not misplaced. In *State v. Fischer*, the Ohio Supreme Court explained:

> [A]lthough the doctrine of *res judicata* does not preclude review of a void sentence,
> *res judicata* still applies to other aspects of the merits of a conviction, including the
> determination of guilt and the lawful elements of the ensuing sentence. The scope
> of an appeal from a resentencing hearing in which a mandatory term of postrelease
> control is imposed is limited to issues arising at the resentencing hearing.

128 Ohio St. 3d 92, 102 (Ohio 2010). Subsequent cases confirm this understanding of Ohio law. *See, e.g.*, *State ex rel. Gregley v. Friedman*, 145 Ohio St. 3d 279, 281 (Ohio 2014) (holding that only offending portion of the sentence is subject to review after an error in imposing postrelease control and expressly rejecting the argument that the entire sentence is void); *State v. Powell*, 2016 WL 4986859 (Ohio Ct. App.) (holding that failure to impose statutorily mandated post release control renders that part of the sentence void, but "[r]es judicata applied to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence"); *State v. Warren*, 2016 WL 5350848 (Ohio Ct. App.) (noting that while void sentences "are an exception to the *res judicata* doctrine, and may be reviewed at any time", other arguments "challenging the imposition of a sentence that is *voidable* are barred by the doctrine of *res judicata* if not raised on direct appeal"); *State v. Baker*, 2016 WL 4608254 (Ohio Ct. App.) (arguments challenging the imposition of a sentence that is voidable, such as the alleged failure to merge sentences, are barred by the doctrine of res judicata if not raised on direct appeal); *State v. Colvin*,

2016 WL 4594260 (Ohio Ct. App.) ("Res judicata bars raising 'piecemeal claims' in a successive motion to withdraw a guilty plea that could have been raised, but were not, in the first motion to withdraw a guilty plea"); *State v. Hubbard*, 2011 WL 2306259 (Ohio Ct. App.) ("If a sentence that fails to properly include post-release control is only void in 'part' and the 'new sentencing entry to which an offender is entitled . . . is limited to proper imposition of postrelease control,' it does not necessarily follow that a motion to withdraw a plea should be considered a presentence motion."); *see also Askew v. Bradshaw*, 2017 WL 3382079, at *14-15 (N.D. Ohio) (concluding that Ohio court's reliance on res judicata was not an erroneous application of the procedural bar in similar circumstances to the instant case), *report and recommendation adopted by* 2017 WL 3336599.

Thus, it is clear that Ohio courts continue to routinely hold that a resentencing does not permit a defendant to resurrect claims that could have been raised on direct appeal and do not stem from the resentencing. That is, Ohio courts continue to apply the *res judicata* bar to such claims. As such, Petitioner's Ground One is procedurally defaulted. Petitioner does not provide any argument as to cause and prejudice to overcome this default. Nor has he argued he is actually innocent based on new, reliable evidence. Thus, the undersigned recommends Ground One be denied.

*Ground Two: Consecutive Sentences*

In Ground Two, Petitioner argues "[t]he trial court exceeded its authority in imposing consecutive sentences on the Petitioner when no statutory authority existed for the imposition of such" in violation of the "Fifth, Sixth, and Fourteenth Amendments". (Doc. 1, at 7). Respondent contends this claim is: 1) defaulted because Petitioner failed to raise the issue in his first direct appeal, and 2) moot to the extent it challenges his resentencing. (Doc. 18, at 11-14). Alternatively,

Respondent contends this ground is non-cognizable because it raises a state law issue. *Id.* at 14. In his Reply, Petitioner argues the merits of this claim, and, as above, argues the original sentence was void. (Doc. 22, at 3-21).

Petitioner did not raise this claim on direct appeal, rather, he raised a single claim that his convictions were against the manifest weight of the evidence. He did raise this claim in the appeal of his resentencing. *See Barclay*, 2011 WL 4375338, at *2-4. The state appellate court addressed this claim in conjunction with Petitioner's unreasonable delay claim:

> {¶ 13} In his second assignment of error, Barclay argues that the trial court was without authority to impose consecutive sentences. In his final assignment of error, Barclay argues that the trial court was without authority to resentence him due to unreasonable delay. This Court disagrees with both propositions.

> {¶ 14} We address Barclay's second and third assignments of error together as both deal with the trial court's authority to impose sentence. In support of his second assignment of error, Barclay argues that the trial court was without authority to impose consecutive sentences without first making certain findings of fact. Barclay further argues that the Supreme Court of Ohio's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, is unconstitutional and "nothing more than judicial expansion of jurisdiction by fiat, as it relates to consecutive sentences." In support of his third assignment of error, Barclay argues that the trial court was without jurisdiction to resentence him in 2010 because there was an unreasonable delay between the time he was found guilty and the time a lawful sentence was imposed. Barclay contends that the trial court failed to comply with R.C. 2967.28 in sentencing him in 2002 and, therefore, his original sentence was void. Barclay concludes that because he was not given a lawful sentence until 2010, his resentencing violated his rights under Crim. R. 32(A).

> {¶ 15} The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238. In *Fischer,* the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id.* at ¶ 26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more ." *Id.* The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." *Id.* at ¶ 29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at paragraph three of the syllabus.

18

{¶ 16} Moreover, Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." The Supreme Court of Ohio has recognized that delay for a reasonable time does not invalidate a sentence. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202. This Court has held that Crim.R. 32(A) does not apply in cases where an offender must be re-sentenced. *State v. Spears,* 9th Dist. No. 24953, 2010–Ohio–1965, at ¶ 19, citing *State v. Huber,* 8th Dist. No. 85082, 2005–Ohio–2625, ¶ 8. See, also, *State v. Culgan,* 9th Dist. No. 09CA0060–M, 2010–Ohio–2992, at ¶ 36–37; *State v. Jones,* 9th Dist. No. 25032, 2010–Ohio–4455, at ¶ 9–10; *State v. Banks,* 9th Dist. No. 25279, 2011–Ohio–1039, at ¶ 42–43. "This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender." *Spears* at ¶ 19. Furthermore, the Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006–Ohio–5795, at ¶ 19, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75.

{¶ 17} This case does not involve a scenario where the trial court refused to impose a sentence on an offender. Rather, Barclay was sentenced immediately after he was found guilty in 2002. As noted above, Barclay appealed his convictions to this Court and raised one assignment of error relating to the weight of the evidence. This Court affirmed Barclay's convictions. *Barclay,* supra. Nearly eight years after he was convicted, on July 12, 2010, Barclay filed a motion to be discharged on the basis that he had not been properly notified of post-release control and, therefore, the trial court was without jurisdiction to sentence him. In responding to the motion on July 16, 2010, the State argued that while there had, in fact, been an error in notifying Barclay of post-release control, the appropriate remedy was to conduct a de novo resentencing hearing. On July 23, 2010, the trial court issued a journal entry ordering the Summit County Sheriff to return Barclay for resentencing. The trial court subsequently conducted a resentencing hearing on August 25, 2010, and issued a new sentencing entry on September 20, 2010. In accordance with *Fischer,* the scope of the new sentencing hearing to which Barclay was entitled was limited to the proper imposition of post-release control. *Fischer,* at paragraph two of the syllabus. Likewise, the scope of Barclay's appeal from that hearing is limited solely to issues relating to the imposition of post-release control. *Id.* at paragraph four of the syllabus. It follows that the trial court had authority to impose the proper term of post-release control on Barclay at the August 25, 2010 hearing. As the lawful portion of Barclay's original sentence remained in place pursuant to *Fischer,* the trial court did not have authority to conduct a de novo sentencing hearing and reissue a sentence. Furthermore, as the lawful elements of Barclay's original sentence remained in place, Barclay cannot prevail on his argument that there was unreasonable delay in imposing a sentence. To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Barclay at the resentencing hearing, its judgment is affirmed. To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Barclay, its judgment in that respect is vacated.

19

*Id.*

First, the undersigned agrees with Respondent's contention that to the extent Petitioner seeks to attack the consecutive sentences imposed on *resentencing*, "his claim is moot because the appellate court vacated the new sentence, leaving the original prison sentence intact." (Doc. 18, at 12 n.1). In vacating the trial court's de novo resentencing determination, the appellate court thus left intact the prior underlying sentence. Thus, any challenge to that determination is moot.

Second, the undersigned finds any challenge to the trial court's *original* imposition of consecutive sentences is procedurally defaulted. This is so for the same reasons discussed above in relation to Ground One. That is, the facts underlying this claim were available to Petitioner on direct appeal, and he did not raise the claim on direct appeal. *See O'Sullivan*, 526 U.S. at 847; *Caver*, 349 F.3d at 346. As such, it is barred by the doctrine of *res judicata*.

### Ground Three: Unreasonable Delay in Imposing Sentence

In the original consideration of this Petition, the court transferred Grounds One and Two to the Sixth Circuit, and dismissed Ground Three as procedurally defaulted. *See* Doc. 13. In its remand order, the Sixth Circuit explained: "The district court dismissed ground three as procedurally defaulted. Barclay did not appeal. He has since filed a corrected motion for authorization in this court reasserting each of his three grounds." (Doc. 15, at 2).

The undersigned believes Ground Three was previously disposed of. However, out of an abundance of caution, the Court incorporates by references its previous explanation that Ground Three is procedurally defaulted because, although it had been raised in state proceedings, it had been raised solely as an Ohio law issue. *See* Doc. 11, at 10-11. Moreover, the undersigned incorporates by reference the district judge's prior analysis confirming this conclusion. *See* Doc. 13, at 6-8.

20

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be DENIED.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).