# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARK BARCLAY, | CASE NO. 5:13-cv-124 |
| PETITIONER, | JUDGE SARA LIOI |
| v. | **MEMORANDUM OPINION** |
| TERRY TIBBLES, Warden, | |
| RESPONDENT. | |

Before the Court is the report and recommendation (Doc. No. 25 ["R&R"]) of Magistrate Judge James R. Knepp, II, recommending that the Court deny petitioner Mark Barclay's ("Barclay") writ of habeas corpus petition under 28 U.S.C. § 2254 (Doc No. 1 ["Pet."]) in its entirety. Hopson filed timely objections to the R&R. (Doc. No. 28 ["Obj."].) Respondent filed neither a response to Barclay's objections, nor his own objections. For the reasons discussed herein, Barclay's objections to the R&R are OVERRULED and the R&R is ACCEPTED.

## I. BACKGROUND[1]

In October 2002, a Summit County Court of Common Pleas jury found Barclay guilty of one count murder, two counts kidnaping, and one count abuse of a corpse. *State v. Barclay*, No. 25646, 2011 WL 4375338, at *1 (Ohio Ct. App. Sept. 21, 2011). The state trial court sentenced Barclay to fifteen years to life for the murder conviction, eight years for each count of kidnaping

---

[1] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background deemed pertinent to Barclay's objections to the R&R.

conviction, and ten months for the abuse of a corpse conviction. The state trial court ordered the sentences for the kidnapping and abuse of corpse convictions to be served concurrently to each other, but consecutively to the sentence for murder. (Doc. No. 7-5.) Barclay appealed his convictions to the state appellate court, raising a single assignment of error: his convictions were against the manifest weight of the evidence. *Barclay*, 2011 WL 4375338, at *1. The state appellate court affirmed the state trial court's judgement and the Ohio Supreme Court declined jurisdiction. *Id.*

In 2005, Barclay filed a habeas corpus petition. *Barclay v. Bradshaw*, No. 5:05-cv-143 (N.D. Ohio Jan. 12, 2007), raising four grounds of relief. After adopting the R&R prepared by the magistrate judge, over Barclay's objections, the court dismissed the case. (*Id.*)

On July 12, 2010, Barclay filed a pro se "Motion to Discharge Pursuant to Criminal 32(A) & the Sixth Amendment," in the state trial court. (Doc. No. 7-9.) In its response, the state acknowledged the 2002 sentencing entry failed to properly impose postrelease control and requested resentencing de novo. (Doc. 7-10). The state trial court denied Barclay's motion and resentenced him to the same terms of imprisonment as his original sentence. (Doc. 7-11). Acknowledging he previously "misstated the post-release control requirements," the state trial judge notified Barclay of the mandatory five-year postrelease control upon release from prison. *Id.* On October 20, 2010, Barclay appealed to the state appellate court, asserting three assignments of error:

1. The trial court erred in not dismissing the [Barclay's] indictment[s] that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violating [Barclay's] rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution[.]

2. The trial court erred in imposing consecutive sentences on [Barclay] when no statutory authority exist[s] for the imposition of such, violating [Barclay's]

> constitutional rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 & Article IV, Section 10 of the Ohio Constitution[.]
>
> 3. The trial court erred in imposing any sentence upon [Barclay] due to the unreasonable delay in imposing a valid sentence which resulted in a loss of jurisdiction, violating [Barclay's] right to due process under the United States and Ohio Constitution[.]

*Barclay*, 2011 WL 4375338, at *1–3.

On September 21, 2011, the state appellate court overruled Barclay's first assignment of error pursuant to the doctrine of res judicata. *Id.* at *2–3. With respect to his second and third assignments of error, the state appellate court held that in accordance with *State v. Fischer*, 942 N.E.2d 332 (Ohio 2010), the "scope of the new sentencing hearing . . . was limited to the proper imposition of post-release control." *Barclay*, 2011 WL 4375338, at *3. Since the lawful portion of Barclay's sentence remained intact under *Fischer*, the state appellate court determined the state trial court did not have authority to conduct a de novo sentencing hearing and impose a new sentence. Thus, the state appellate court vacated the state trial court's judgment as it pertained to resentencing. *Id.* at *4. The state appellate court affirmed the judgment as it related to the state trial court's imposition of a mandatory five-year period of postrelease control. *Id.* In addressing Barclay's unreasonable delay claim, the state appellate court stated, "as the lawful elements of Barclay's original sentence remained in place, Barclay cannot prevail on his argument that there was unreasonable delay in imposing a sentence." *Id.* at *3. The Ohio Supreme Court declined jurisdiction over Barclay's appeal of the state appellate court's decision. (Doc. 7-18).

On January 17, 2013, Barclay filed the instant habeas corpus petition, raising the same three grounds as his most recent state appeal:

1. The trial court's not dismissing [Barclay's] indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violates [Barclay's] rights under the Sixth and Fourteenth

3

> Amendment[s] to the United States Constitution, and Section 10 Article 1 of the Ohio Constitution[.]
>
> 2. The trial court exceeded its authority in imposing consecutive sentences on [Barclay] when no statutory authority existed for the imposition of such, violating [Barclay's] [c]onstitutional [r]ights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the Constitution, and Art 1 § 16 & Art IV § 10 of the Ohio Co[nstitution.]
>
> 3. The trial court violated [Barclay's] constitutional rights in imposing any sentence upon [Barclay] due to the unreasonable delay in imposing a valid sentence which resulted in a loss of jurisdiction, violating [Barclay's] right to [d]ue [p]rocess under the United States and Ohio Constitution.

(Pet. at 5–8.[2])

On February 28, 2014, this Court dismissed Barclay's third ground for relief, but found Barclay's first and second grounds for relief to be successive and transferred them to the Sixth Circuit pursuant to 28 U.S.C. § 1631. (Doc. No. 13.) In October 2016, the Sixth Circuit denied as unnecessary the motion for authorization to file a second or successive petition. (Doc. No. 15.) Following remand, this Court referred the case to the magistrate judge for an R&R considering the petition as an initial § 2254 petition. (Doc. No. 16). The magistrate judge filed his R&R on April 20, 2018, recommending this Court deny Barclay's petition in its entirety because Barclay's three grounds for relief are all procedurally defaulted. Barclay filed timely objections. This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A general objection—"[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before"—is not considered a proper objection for the district court's de novo review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* LR 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). A general objection to an R&R has the same effect as a failure to object: a general objection waives de novo review by the district court and appellate review of the district court's decision. *Aldrich*, 327 F. Supp. 2d at 747–48.

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

A. DISCUSSION

Barclay appears to have filed "objections" to the R&R only as it pertains to his first and second grounds for relief. (*See* Obj. at 528 (requesting relief only for the "first and second grounds for relief").[3]) However, Barclay fails to raise *proper* objections to the magistrate judge's findings. Barclay uses his objections to reargue his claims. Barclay does not even mention the magistrate judge's findings of procedural default; he only reiterates why he believes that the state trial court was incorrect.

Barclay's objections fail because they are improper general objections that merely reiterate Barclay's original argument from his petition. For these reasons alone, Barclay's objections are properly overruled.

---

[3] Barclay did not object to the R&R's recommendation of dismissal with respect to his third ground for relief: violation of Barclay's due process rights in imposing a sentence after unreasonable delay. (Pet. at 8–9.) By failing to object to this portion of the R&R, Barclay has waived any right to de novo review, as well as his right to appeal the third ground for relief. *See Thomas v. Arn*, 474 U.S. 140, 147–48, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) ("[B]y precluding appellate review of any issue not contained in objections, [the court] prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing."). Further, on independent review, the Court finds no errors with the R&R's findings as to the third ground for relief. As such, Barclay's third ground for relief is denied.

Even if the Court were required to undertake an independent review, the Court finds that the R&R contains no error of law or fact. The Court agrees with the magistrate judge: Barclay's first and second grounds for relief are procedurally defaulted.

Generally, the doctrine of res judicata, as applied in Ohio, precludes a defendant from raising a claim that was previously fully litigated or that could have been fully litigated at trial or on direct appeal. *See State v. Perry*, 266 N.E.2d 104, 108 (Ohio 1967); *State v. Cole*, 443 N.E.2d 169, 170–71 (Ohio 1982). The Sixth Circuit has repeatedly held that Ohio's res judicata doctrine is an adequate and independent state ground to procedurally bar claims asserted in federal habeas actions. *See, e.g.*, *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). The Sixth Circuit has also explained that "a federal habeas court sitting in review of a state-court judgement should not second guess a state court's decision concerning matters of state law." *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001), unless the record reveals that the state court's reliance upon its own rules of procedural default is misplaced.

Here, the state appellant court's application of res judicata was not misplaced. Ohio case law is clear:

> [A]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

*Fischer*, 942 N.E.2d at 343; *see also, e.g.*, *State ex rel. Gregley v. Friedman*, 49 N.E.3d 264, 266 (Ohio 2014) (holding that only offending portion of the sentence is subject to review after an error in imposing postrelease control and expressly rejecting the argument that the entire sentence is void); *State v. Warren*, No. 104018, 2016 WL 5350848, at *1 (Ohio Ct. App. Sept. 22, 2016) (noting that while void sentences "are an exception to the res judicata doctrine, and may be

7

reviewed at any time," other arguments "'challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal'").

Thus, Barclay's resentencing does not permit Barclay to resurrect claims that could have been raised on direct appeal and do not stem from the resentencing hearing. Barclay's resentencing concerned only the addition of postrelease control. Therefore, Barclay cannot resurrect claims concerning any other part of the sentence. The facts concerning Barclay's first and second grounds for relief were available to Barclay on his direct appeal, but Barclay failed to raise the issues. As such, Barclay's first and second grounds for relief are procedurally defaulted. Further, Barclay has not provided any reason as to why his procedural default should be excused. Therefore, Barclay's first and second grounds for relief are denied.

## III. CONCLUSION

For the reasons set forth herein, Barclay's objections to the R&R are OVERRULED and the R&R is ACCEPTED. The petition for writ of habeas corpus is DENIED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 1, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**